## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

Jonathan Flores Jaramillo,

      Plaintiff,                                    CaseNo.3:23-CV-460-BJD-JBT

v.

Jaime Gardea dba Taqueria El Paso

      Defendant.

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Jonathan Flores Jaramillo ("Plaintiff"), and Defendant, Jaime Gardea dba Taqueria El Paso ( "Defendant"), through their undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement, and state as follows:

1.     Plaintiff filed a Complaint [D.E. 1]  under the Fair Labor Standards Act of 1938, as amended ("FLSA")alleging  he was owed wages in the form of unpaid overtime compensation.

2.     Defendant denied  all material allegations asserted by Plaintiff, denied Defendant and Plaintiff were subject to the overtime provisions, or otherwise covered, by any requirements under the FLSA , denied Plaintiff's claim of entitlement to any wages and further denied any and all claims asserted by Plaintiff

1

in the Complaint. [D.E. 9]. Defendant's Answer [D.E. 9] asserted a Counterclaim against Plaintiff for unpaid money loaned by Defendant to Plaintiff and/or property belonging to Defendant that Plaintiff removed.

3.    However, both sides collectively acknowledge the inherent risk in any litigation, and in that spirit they have entered into a settlement. Because this lawsuit involves an FLSA claim, it must be approved by the Court pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Attached to this Motion is the Parties Memorandum of Law, incorporated herein by reference; and for the reasons set forth therein, they request approval of the settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice; (3) reserving jurisdiction to enforce the terms of the Settlement Agreement and (4) for such other relief as this Court deems just and proper.

Respectfully submitted this 18th day of January 2024.

*/s/ Daniel I. Schlade*
Justicia Laboral, LLC
Florida Bar No. 1034991
dschlade@justicialaboral.com
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-550-3775


*Attorney for Plaintif*

*/s/ Joann M. Bricker*
Joann M. Bricker Esq.
Florida Bar No. 338710
jbricker-employmentlaw@comcast.net
13105 Holsinger Blvd.
Jacksonville, FL 32256
Phone: 904-342-2417


*Attorney for Defendant*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

Jonathan Flores Jaramillo,

     Plaintiff,

v.

Case No. 3;23-CV-460-BJD-JBT

Jaime Gardea dba Taqueria El Paso

     Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Jonathan Flores Jaramillo ("Plaintiff"), and Defendant, Jaime Gardea dba Taqueria El Paso ( "Defendant"), through their undersigned counsel, hereby file this Memorandum of Law in Support of Joint Motion to Approve Settlement, and state as follows:

### Statement of Facts

The above captioned case alleges a claim for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203, *et. seq.* ("FLSA"). Plaintiff alleges that Defendant failed to pay him $13,502.16 in overtime wages. *See* D.E. 1. Defendant denied the material allegations of the Complaint. In particular, Defendant denied the hours alleged by Plaintiff, *and* Defendant denied that it had over $500,000.00 in

annual revenue (which would trigger enterprise liability coverage under the FLSA) and also denied that Plaintiff was entitled to "individual" coverage under the FLSA.

In addition, Defendant filed a counterclaim against Plaintiff. In the Counterclaim, Defendant alleged that he made a loan in excess of $2,300.00 to Plaintiff, which has gone unpaid and/or that Plaintiff owes Defendant for property that belongs to Defendant that Plaintiff removed.

The Parties, recognizing the inherent risks of litigation and the relatively small amounts at issue, entered into settlement talks in December 2023. The Parties reached a settlement of $7,500 total, of which $7,000 was apportioned to the FLSA claim (*See* Exhibit A, attached hereto), and $500.00 was apportioned to a separate general release and confidentiality provision. *See* Exhibit B, attached hereto. For the below reasons, the Parties jointly request approval of this settlement.

## **Discussion**

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), wage claims arising under the FLSA may be settled or compromised only with the approval of the Court or the United States Secretary of Labor. In a suit brought by employees under the FLSA, the Court must assess whether the settlement proposed by the parties "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

In assessing the fairness of the proposed settlement, the Court may consider "external factors", i.e. whether or not the settlement frustrates the purpose of the FLSA; and "internal factors", i.e. whether the settlement is fair to the employee. *Godwin v. IMCMV Daytona LLC*, No. 6:19-cv-1643-Orl-37EJK, 2021 U.S. Dist. LEXIS 12363 (M.D. Fla. Jan. 20, 2021).  In particular, the internal fairness factors may include (1) existence of fraud; (2) the complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion."  *Id.; See also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No 10-60322-CIV, 2010 U.S. Dist. LEXIS 118489, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010).

Finally, the FLSA requires a review of Plaintiff's Counsel's attorneys' fees to ensure that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  For the reasons discussed below, the Parties respectfully request approval of the settlement in this case as reflected in the fully executed Settlement Agreement.

In the case at bar, Plaintiff alleges unpaid overtime due under the FLSA  of approximately $13,500, and the total recovery pursuant to the settlement of the  wage claim is $7,000.00.  Although this sum is lower than the alleged unpaid overtime, four  factors must be considered.

First, Defendant denies that he possessed $500,000.00 in annual revenue. Second, Defendant denies that Plaintiff is "individually" covered under the FLSA. The FLSA does not apply to enterprises with less than $500,00.00 in annual revenue or in the absence of "individual" coverage when there is no "enterprise" coverage. *See* 29 USC § (s)(1)(A)(ii). While Plaintiff rebuts these assertions,  these threshold issues of FLSA coverage alone could result in a zero dollar recovery if decided  in favor of  Defendant.

Third, Defendant simply denies that Plaintiff worked the hours he alleges that he worked.  Again, while Plaintiff disagrees, this is an issue that could reduce or eliminate Plaintiff's damages.

Lastly, Defendant has alleged a Counterclaim against Plaintiff for an amount in excess of  $2,300.00.  While Plaintiff denies this Counterclaim, Plaintiff also recognizes the risk it poses to ultimately reducing any recovery on his back wage claim.  In light of these disputed issues, the Parties agree that $7,000.00 total represents a fair recovery for Plaintiff's back wage claim, particularly since it will also dispose of the Counterclaim alleged against him as well (and Defendant has executed a mutual release for that claim as well for the separate consideration $500.00).

As for Plaintiff's counsel's attorney's fees, Plaintiff's counsel is seeking $2,500.00 in fees (i.e. one-third of recovery), plus costs of $609.00, representing

$402.00 to file the case, and $207.00 for service of process. Plaintiff's counsel has invested over ten hours of time into this matter, and he typically bills at a rate of $400.00 per hour. It is the Parties position that this sum in reasonable in light of the fact that Plaintiff's counsel's recovery of fees (and costs) is less than had he billed out this matter on a typical hourly rate.

Lastly, Counsel for the Parties note that in conjunction with the settlement of Plaintiff's FLSA claim, the Parties have entered into separate Confidential Comprehensive Waiver and Release of All Claims which contain a general release of claims, confidentiality provision, non-disparagement agreement and waiver of future employment in exchange for separate consideration of $500.00.

Although courts typically disfavor general release clauses in FLSA settlement agreements, numerous courts have approved non-cash concessions such as confidentiality provisions and general release clauses in FLSA settlement agreements if they have been negotiated for separate consideration. See, e.g., *Rivera v. CO2Meter,* No. 6:17-cv156-Orl28-GJK, 2018 WL 3213329, at*3-5 (M.D. Fla. June 14, 2018); *Scherr v. Cooper Restaurants, Inc.,* No. CV 17-00338-CG-N, 2018 WL 2978046, at *2-3 (S.D. Ala. May 7, 2018) (unpublished) (approving settlement agreement with confidentiality provision and general release because plaintiff received additional consideration); *Allen v. Flippers Pizzeria #11, LLC,* No. 6:15-cv-1992-Orl-41GJK, 2016 WL 5853737, at *3-4 (M.D. Fla. May 18, 2016)

(unpublished report and recommendation) (finding plaintiff did not compromise claim by entering into settlement agreement under which she received the full amount she claimed she was owed and separate consideration for the agreement's general release, confidentiality provision, and other conditions), adopted sub nom, *Allen v. Flipper's Pizzeria #11, LLC,* No. 6:15-cv-1992-Orl-41GJK, 2016 WL 5815899 (M.D. Fla. Oct. 5, 2016) (unpublished      order); *Weldon      v.*

*Blackwoods Steakhouse, Inc.,*   No.   6:14-cv-79-Orl-37TBS,   2014   WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (unpublished) (approving settlement agreement under which plaintiff received full compensation and $100.00 in additional consideration for general release and non-disparagement provisions); *Smith v. Aramark Corp.,* No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (unpublished) (approving settlement agreement under which plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement); *Caamal v. Shelter Mortg. Co., LLC.,* 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *2, 4 (M.D. Fla. Sept. 26, 2013) (unpublished) (approving settlement agreement under which plaintiff received full compensation and an additional $500.00 for release, non-disparagement agreement, and waiver of future employment).

In the present matter, under the agreements the Plaintiff will receive separate consideration for the purported wages owed, and separate, additional compensation

for their general mutual release and confidentiality provisions.  And again, it should be highlighted that Defendant alleged a Counterclaim against Plaintiff, and as part of the settlement that Counterclaim is being released and discharged for separate consideration, further warranting the allowance of a general release and confidentiality provision in the case at bar.

## Conclusion

For each of the foregoing reasons, the Parties respectfully request approval of the settlement at bar.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice; (3) reserving jurisdiction to enforce the terms of the Settlement Agreement and (4) for such other relief as this Court deems just and proper.

Respectfully Submitted,  this 18th day of January, 2024.

*/s/ Daniel I. Schlade*
Justicia Laboral, LLC
Florida Bar No. 1034991
dschlade@justicialaboral.com
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-550-3775


*Attorney for Plaintiff*

*/s/ Joann M. Bricker*
Joann M. Bricker Esq.
Florida Bar No.
338710
jbricker-
employmentlaw@comcast.net
 13`05 Holsinger Blvd.
Jacksonville, FL  32256
Phone: 904-342-2417

*Attorney for Defendant*

**<u>Certificate of Service</u>**

Daniel I. Schlade, an attorney, certifies that on January 18, 2024, he served the foregoing Joint Motion to Approve Settlement, on the below by filing same with the Pacer/ECF electronic filing system:

Joann Bricker, jbricker-employlaw@comcast.net

<u>s/Daniel I. Schlade</u>

# EXHIBIT A

## SETTLEMENT AGREEMENT,
## WAIVER AND RELEASE

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE (hereinafter "this Agreement") is made and entered into, by and between Jaime Gardea d/b/a Taqueria El Paso (hereinafter "Gardea") and Jonathan Flores Jaramillo and his heirs, assigns, executors, and administrators (hereinafter "Jaramillo").

When used hereafter the phrase the "Released Parties" includes all of the following: Taqueria El Paso, Authentic Border Flavor LLC, and Jaime Gardea (personally and in any official capacity), their current or former board members, owners, officers, subsidiaries, successors, assigns, affiliates, representatives, agents, and any current or former employees of the foregoing who in any capacity would meet the definition of "employer" or have any personal and/or individual liability for the non-payment of wages under local, state or federal law.

WHEREAS, Jaramillo desires to finally settle all existing or potential claims and disputes between Jaramillo and the Released Parties regarding the payment of compensation, wages, back wages, tips, overtime, straight time, reimbursements or any other remuneration, compensation, bonuses, monies or benefits that may be owed to Jaramillo by any of the Released Parties, whether known or unknown as of this date, including but expressly not limited to those claims for unpaid wages alleged in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT and the Counterclaim Gardea filed against Jaramillo in Gardea's Answer and Affirmative and Other Defenses to the Complaint with Counterclaim (doc.9 filed July 6, 2023) (collectively referred to as the "claims") filed in the United States District Court, Middle District of Florida and all other claims or actions identified in paragraph 2 (b) of this Agreement,

WHEREAS Gardea expressly denies that he owes Jaramillo any monies and asserts Jaramillo has been paid in full for all hours worked. Gardea further asserts that Taqueria El Paso is not an enterprise engaged in commerce, nor is Jaramillo individually engaged in commerce; therefore, Jaramillo is not covered under the Fair Labor Standards Act, as amended, and Jaramillo disputes Gardea's Counterclaim,

WHEREAS, given the disputes between the parties, and in order to avoid the time, expense and uncertainty of litigation, Gardea and Jaramillo mutually agree as follows:

1.    **Obligations of Gardea.**  In consideration of Jaramillo's commitments set forth in this Agreement:

(a).    Jaramillo will be paid four thousand dollars ($4,000.00) via check made out for said sum and payable to "Jonathan Flores Jaramillo";

(b).    Jaramillo's attorney – Justicia Laboral LLC - will be paid $3,000.00 as costs and attorneys' fees for their representation of Jaramillo via check made out for said sum and made payable to "Justicia Laboral, LLC" ; and,

1

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

(c).    In consideration of the promises contained in this Agreement, Gardea forever releases and discharges Jaramillo of and from Gardea's Counterclaim filed in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT, United States District Court, Middle District of Florida. This release expressly excludes (i) any claim arising after the effective date of this Agreement, (ii) any claims that cannot be waived as a matter of law, and (iii) any claims for breach of this Agreement or to enforce the provisions of this Agreement.

This Settlement is conditioned on the Court's approval of this Settlement Agreement and is also conditioned on Jaramillo and Gardea executing the separate Confidential Comprehensive Waiver and Release for which there is separate additional monetary consideration. Checks for the payments promised in 1(a) and 1(b) will be sent directly to Jaramillo's attorney - Justicia Laboral LLC, c/o Daniel I. Schlade, 6232 N. Pulaski Rd., #300, Chicago, Il. 60646, and must be tendered by no later than sixty (60) days after attorney for Gardea (jbricker-employlaw@comcast.net) receives a copy of the Settlement Agreement that has been executed by Jaramillo, or sixty (60) days after the date the Court approves this Settlement Agreement, whichever date is latest. The amounts specified above are provided as consideration for the settlement of all existing or potential claims and disputes for compensation, any forms of pay, wages, tips, back wages, commissions, overtime, straight-time, reimbursements or any other remuneration, compensation, bonuses, commissions, expenses, monies or benefits of any kind that may be owed Jaramillo from any of the Released Parties, whether known or unknown as of this date, including but expressly not limited to those claims for unpaid minimum wage and unpaid overtime alleged in the lawsuit filed in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT, claims for attorney's fees and costs, and all other claims or actions identified in paragraph 2 (b) of this Agreement, except those claims that may not be lawfully waived. Jaramillo acknowledges that this is valid consideration for his agreement to the provisions herein and that he accepts this as a complete settlement for the disputed claims covered in this Agreement. Jaramillo agrees he is solely responsible for all tax payments and agrees to indemnify Gardea for any liability therefore, and for any interest and penalties that become due for Gardea's agreement not to withhold any taxes from these amounts or for any other reason.

2.    **Obligations of Jaramillo**.  In consideration of the terms herein:

(a).    Jaramillo hereby represents that he has not and will not file any additional complaints or lawsuits against the Released Parties with any federal, state, county or municipal agency or court with regard to any matters covered by this Agreement and Jaramillo will seek a dismissal with prejudice of any complaints or lawsuits he may have already filed against the Released Parties with any federal, state, county or municipal agency or court with regard to any matter covered by this Agreement, including but not limited to seeking a Dismissal With Prejudice of his lawsuit pending before the United States District Court, Middle District of Florida, Jacksonville Division, styled *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT.

2

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

(b).    Jaramillo hereby waives, releases, and forever discharges the Released Parties of and from, any and all claims, demands, damages, lawsuits, obligations, promises, actions, rights, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever relating to or arising out of any amount that may be due, owing and unpaid to Jaramillo relating to the provision of any services to or the employment by any of the Released Parties through the date Jaramillo executes this Agreement. The claims, rights, and causes of action covered by this Waiver and Release include, but are expressly not limited to, any claim, right, or cause of action based on any federal, state, or local law, constitution, executive order, statute or ordinance, and all amendments thereto relating to any of the payments listed hereafter, including without limitation, all claims under the Equal Pay Act of 1963, as amended; the Fair Labor Standards Act, as amended; Fla. Const. art. X §24 and Fla. Stat. §448.01, §448.08 and §448.110; Florida Law on Equal Pay, §725.07 Fla. Stat; and common law or any other basis relating to rights and obligations for pay or benefits derived from the provision of any services or from an employment relationship, and any other claim, right, or cause of action founded in contract (whether oral, written or implied), public policy, estoppel, specific performance, back pay, unpaid wages, unpaid tips, quantum meruit, unpaid benefits, payment of a reward, severance pay, vacation pay, sick pay, commissions, bonuses, incentives, paid days off, reimbursements or payment of expenses, attorney's fees and costs, injunctive or other equitable relief, restitution, reimbursement, punitive damages, liquidated damages, treble damages; any rights for any monies under policies, or directives; or any other statutory, decisional, common law, contractual or equitable basis of action, relating to unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid benefits or any other form of remuneration which Jaramillo had, now has, or may claim to have against the Released Parties, or which Jaramillo, or his heirs, executors or administrators hereafter may have against the Released Parties through the date Jaramillo signs this Agreement, except those which may not lawfully be waived. Jaramillo also waives and releases any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any claim for any forms of pay, wages, compensation, remuneration, reimbursements, expenses or benefits or other monies released in this Agreement in which any of the Released Parties is a party Defendant. This release expressly excludes (i) any claim arising after the effective date of this Agreement, (ii) any claims that cannot be waived as a matter of law, and (iii) any claims for breach of this Agreement or to enforce the provisions of this Agreement.

c.    Jaramillo affirms that with the settlement of *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT filed in the United States District Court, Middle District of Florida, Jacksonville Division, Jaramillo has been paid in full for all hours worked for any of the Released Parties.

3.    **Non-Admission.**  Gardea expressly denies that Jaramillo is entitled to any unpaid wages, commissions, bonuses, monies, or any other form of remuneration, reimbursement or benefits. The parties enter into this settlement solely to avoid the burden, expense, delay and uncertainties of litigation. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Gardea or an admission by Jaramillo of any liability, wrongdoing or unlawful conduct whatsoever.

3

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

4.    **Severability.**  In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5.    **Entire Agreement.** This Agreement (and the separate Confidential Comprehensive Waiver and Release) contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of Gardea and Jaramillo.

6.    **Governing Law.**  This Agreement shall be governed by the laws of the State of Florida.

7.    **Attorney's Fees.**  If either party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorney's fees and costs of the prevailing party.

8.    **Counterparts.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all together shall constitute one and the same instrument. A signed counterpart transmitted by facsimile, PDF, or similar means shall be as binding as an original signature.

9.    **Opportunity to Consider and Confer.**  By signing this Agreement, Jaramillo acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement, and has had the opportunity to consult with his attorney. Jaramillo fully understands and is in full agreement with all the terms of this Agreement and he signs this Agreement freely and voluntarily and affirms that he does not rely upon and has not relied upon any representations or statements made by anyone that has not been set forth in this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Jaramillo and Gardea hereby execute this Settlement Agreement, Waiver and Release consisting of four (4) pages and including nine (9) enumerated paragraphs, by signing below voluntarily and with full knowledge of the legal significance of all of its provisions.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS IDENTIFIED HEREIN.**

Jaime Gardea d/b/a Taqueria El Paso

Date: _1 · 18 · 24_

Jonathan Flores Jaramillo

Date: _1/15/2024_

4

# EXHIBIT B

## CONFIDENTIAL COMPREHENSIVE
## WAIVER AND RELEASE OF ALL CLAIMS

THIS CONFIDENTIAL COMPREHENSIVE WAIVER AND RELEASE (hereinafter "this Agreement") is made and entered into, by and between Jaime Gardea d/b/a Taqueria El Paso (hereinafter "Gardea") and Jonathan Flores Jaramillo and his heirs, assigns, executors, and administrators (hereinafter "Jaramillo").

When used hereafter the phrase the "Released Parties" includes all of the following: Taqueria El Paso, Authentic Border Flavor LLC, and Jaime Gardea (personally and in any official capacity), their current or former board members, owners, officers, subsidiaries, successors, assigns, affiliates, representatives, agents, and any current or former employees of the foregoing.

.    WHEREAS the parties to this Agreement desire to finally settle all existing or potential claims and disputes between Jaramillo and the Released Parties, whether known or unknown as of this date, including those claims or actions identified in paragraph 2 (c) of this Agreement, the parties agree as follows:

**1.**    **Obligations of Gardea.**  In consideration of Jaramillo's commitments set forth in this Agreement:

(a).    Jaramillo will be paid the amount of three hundred and ninety-one dollars ($391.00) via check made out for said sum and payable to "Jonathan Flores Jaramillo";

(b).    Jaramillo's attorney – Justicia Laboral LLC - will be paid one hundred and nine dollars ($109.00) as costs and attorneys' fees for their representation of Jaramillo via check made out for said sum and made payable to "Justicia Laboral, LLC"; and,

(c).    In consideration of the promises contained in this Agreement, Gardea forever releases and discharges Jaramillo and his heirs, executors, personal representatives, administrators, successors and assigns, of and from any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever, that Gardea has or may have against Jaramillo through the date of execution of this Agreement, except those claims which may not be lawfully waived. This release expressly excludes (i) any claim arising after the effective date of this Agreement, (ii) any claims that cannot be waived as a matter of law, and (iii) any claims for breach of this Agreement or to enforce the provisions of this Agreement.

This Settlement is conditioned on the Court's approval of the separate Settlement Agreement Waiver and Release entered in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT. Checks for the payments promised in 1(a) and 1(b) will be sent directly to Jaramillo's attorney - Justicia Laboral LLC, c/o Daniel I. Schlade, 6232 N. Pulaski Rd., #300, Chicago, Il. 60646, and must be tendered by no later than sixty (60) days after attorney for Gardea (jbricker-employlaw@comcast.net) receives a copy of this Agreement

1

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

that has been executed by Jaramillo, or  by no later than sixty (60) days after the date the Court approves the Settlement Agreement in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT, whichever date is latest.

The amount specified above is provided as consideration for the waiver and release of all existing or potential claims and disputes that Jaramillo may have against the Released Parties, whether known or unknown as of this date, including but expressly not limited to those claims or actions identified in paragraph  2 (c) of this Agreement, except those claims that may not be lawfully waived. Jaramillo acknowledges that this is valid consideration for his agreement to the provisions herein and that he is not already legally entitled to this amount. Jaramillo agrees he is solely responsible for all tax payments that may be due on this amount and agrees to indemnify Gardea for any liability therefore, and for any interest and penalties that become due for Gardea's agreement not to withhold any taxes from these amounts or for any other reason.

2. **Obligations of Jaramillo**.  In consideration of the terms herein:

(a).    Jaramillo hereby represents (except as noted herein) that he has not and will not file any  charges, complaints or lawsuits against the Released Parties with any federal, state, county or municipal agency or court with regard to any matters covered by this Agreement and Jaramillo will seek a dismissal  with prejudice of any charges, complaints or lawsuits covered by this Agreement that he  may have already filed against the Released Parties with any federal, state, county or municipal agency or court.  Nothing in this Agreement is intended to prohibit or prevent Jaramillo from filing, participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, Jaramillo agrees that in any such administrative matter, Jaramillo shall not be entitled to recover any individual monetary relief or other individual remedies.

(b.)    Jaramillo agrees not to apply for employment or seek reinstatement with Gardea d/b/a Taqueria El Paso, Authentic Border Flavor LLC.,  and any restaurant, food truck or business in which any of the Released Parties has an ownership interest or is an officer and any of their subsidiaries, successors, assigns, or in any other capacity provide services in the future to any of the foregoing as an employee, temporary agency employee, independent contractor or consultant.

(c).    Jaramillo hereby waives, releases, and forever discharges the Released Parties of and from, any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever, and particularly, without limiting the generality of the foregoing, all matters relating to or arising out of Jaramillo's employment by any of the Released Parties; terms and conditions of employment; assignments;  disciplinary actions; departure; and any actions taken or inactions  by the Released Parties through the date Jaramillo executes this Agreement. The claims, rights, and causes of action covered by this Waiver and Release include, but are expressly not limited to, any claim, right, or

2

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

cause of action based on any federal, state, or local law, constitution, executive order, statute or ordinance, and all amendments thereto, including without limitation, the National Labor Relations Act of 1935, as amended; the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§141-187; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Civil Rights Act of 1866 and 1871; Title II of the Genetic Information Non-Discrimination Act of 2008; the Family Medical Leave Act of 1993, as amended; Employee Polygraph Protection Act of 1988; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended; the American Recovery and Reinvestment Act of 2009; the Rehabilitation Act of 1973; the Americans With Disabilities Act of 1990, as amended; the Occupational Safety and Health Act of 1970, as amended; the Health Insurance Portability and Accountability Act of 1996; Sarbanes Oxley Act of 2002; Fair Credit Reporting Act; Executive Order Nos. 11246 and 11478; Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4211; Immigration Reform and Control Act, 8 U.S.C. §1324a; the Employee Retirement Income Security Act of 1974, as amended; the Federal False Claims Act, 31 U.S.C. §§3729-3733; Consumer Credit Protection Act; Federal Military Selective Service Act; Uniformed Services Employment and Re-Employment Rights Act; Jury Service and Selection Act; Drug-Free Workplace Act; Mental Health Parity Act; the Florida Qui Tam Act, §§68.082 et. seq.; the Florida Human Rights Act of 1977, §§760.01, et seq., Fla. Stat.; the Florida Civil Rights Act of 1992, as amended; Florida Domestic Violence Leave Law, Fla. Sta. §741.313, et seq.; Florida Aids Anti-Discrimination Statute §760.50 Fla. Stat; Fla. Stat; §440.205 Fla. Stat.; Fla. Stat. §112.3187, et seq; Fla. Stat. §§448.101-448.105; Fla. Stat.§448.07, §448.075, and §768.72; Fla. Stat. §741.313; Fla. Stat. Chapter 772; Fla. Stat. Chapter 687; Fla. Stat. Chapter 934; and common law or any other basis relating to rights and obligations derived from an employment relationship or the providing of services, and any other claim, right, or cause of action founded in tort (including negligence), recall from layoffs, reinstatement, back pay and/or front pay, violation of covenant of good faith and fair dealing, misrepresentation, defamation, libel, slander, damage to reputation, invasion of privacy, fraud, intentional or negligent infliction of emotional distress, pain and suffering, mental anguish, loss of services, loss of society, impairment or loss of any right, medical expenses of any kind, impairment of earning capacity, interference with prospective economic advantage, interference with contractual relations, assault, battery, harassment, hostile environment, any action based on retaliation; any action based on whistle blower activity, attorney's fees and costs, injunctive or other equitable relief or restitution; compensatory damages, treble damages, liquidated or punitive damages; any rights to review, grieve or appeal the Released Parties' actions or inactions, or any other statutory, decisional, common law, contractual or equitable basis of action whatsoever, which Jaramillo had, now has, or may claim to have against the Released Parties, or which Jaramillo , may have for any reason against the Released Parties through the date Jaramillo signs this Agreement, except those which may not lawfully be waived. Jaramillo also waives and releases any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which any of the Released Parties is a party Defendant. This release expressly excludes (i) any claim arising after

3

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

the effective date of this Agreement, (ii) any claims that cannot be waived as a matter of law, and (iii) any claims for breach of this Agreement or to enforce the provisions of this Agreement.

(d).     Jaramillo shall refrain from expressing (or causing others to express) to any person or in any forum/medium, any defamatory statements concerning Gardea and Taqueria El Paso and their operations, policies, owners, board members, officers, supervisors, products, services, actions of the Released Parties and customers. This commitment includes, but is expressly not limited to, Jaramillo making any defamatory statements concerning whether or not any of the Released Parties have in any way violated any law, regulation or standard of practice. This provision is not intended to restrict Jaramillo from responding fully and truthfully in a legal or government proceeding in which Jaramillo is under oath, responding to a subpoena, or is otherwise required by law to cooperate with a licensing, investigative or government entity, or any other duty to cooperate under ordinance, regulation or law.

(e).     Except as required by ordinance, regulation or statute, Jaramillo shall not take any actions or make any comments/statements which are contrary to the best interests of the Released Parties or make any statement or take any actions to materially harm the business relationships, commercial interests, goodwill or reputation of Gardea.

3.     **Confidentiality and Non-Disclosure**. Jaramillo and his attorney agree they will not disclose, either directly or indirectly, any information whatsoever regarding any of the terms of this Agreement or the Settlement Agreement Waiver and Release executed to settle *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT ("S.A.W.") to any person or organization, including but not limited to, present and former board members, employees, or past, current or prospective customers of Gardea, or other members of the public except as noted below.   The only exception to this promise of confidentiality is that Jaramillo may reveal such terms of the Agreement to his current spouse (if any), his legal advisors (who must also agree to keep it confidential) or as may be necessary to comply with a request made by the Internal Revenue Service,  and to his financial and/or tax advisors. Additionally, Jaramillo may attach this Agreement and the S.A.W. as exhibits to any motion to approve settlement in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT, and the attachment of such exhibits shall not be a violation of this Confidentiality and Non-Disclosure provision.

Jaramillo and/or his attorneys may reveal the existence of this Agreement and its terms, as otherwise compelled by a court of competent jurisdiction, subject to  providing advance written notice to Gardea's attorney at jbricker-employlaw@comcast.net prior to production or disclosure. If anyone inquires as to the status of *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT, Jaramillo shall respond only that "my claim has been resolved."  Jaramillo and his attorneys shall not disclose the amount of the settlement or direct anyone to the court public access website to access any filed settlement agreements.

DocuSign Envelope ID: 66FF7152-C379-45B2-8FE0-2BA06E9497E0

Except for the filing of a generic Motion for Dismissal with Prejudice, Motion to Approve the settlement relating to the S.A.W. executed in *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT and any Court requirement that a copy of the Settlement Agreement in that case (or this Confidential Comprehensive Waiver and Release) be filed with the Court, Jaramillo and his attorneys may not imply or disclose the fact of the settlement or the terms of the settlement to anyone outside the law firm, including but not limited to posting or disclosing the results in an internet blog, website, or any other form of law firm marketing or form of publication. This also includes not "describing" the settlement or any of the parties in a generic manner such that the identities of the parties can be ascertained or directing anyone to the court public access website to access any filed settlement agreements.

4.     **Non-Admission.**   Neither this Agreement, nor anything contained herein, is to be construed as an admission by Jaramillo and the Released Parties of any liability, wrongdoing or unlawful conduct whatsoever.

5.     **Severability.**   In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

6.     **Entire Agreement.**   This Agreement and the separate Settlement Agreement Waiver and Release executed in the lawsuit filed in the United States District Court, Middle District of Florida, Jacksonville Division, styled *Jaramillo vs. Jaime Gardea d/b/a Taqueria El Paso*, Case no. 3:23-cv-00460-BJD-JBT contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of Gardea and Jaramillo.

7.     **Governing Law.**   This Agreement shall be governed by the laws of the State of Florida.

8.     **Attorney's Fees.**   If either party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorney's fees and costs of the prevailing party.

9.     **Agreement Not to be Used as Evidence.** This Agreement shall not be admissible as evidence in any proceeding except where one of the parties to this Agreement seeks to enforce this Agreement or alleges this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a court or administrative agency of competent jurisdiction. Jaramillo further agrees that, in the event a court or administrative agency orders this Agreement to be produced, Jaramillo and/or his attorney(s) will provide immediate notice to Gardea's attorney at jbricker-employlaw@comcast.net so the attorney can seek a protective order from that court or agency requiring that this Agreement be produced or filed only under seal and that other parties to any such proceedings and their counsel shall not disclose the existence or terms of this Agreement for purposes not related to the proceeding in which this Agreement was ordered to be produced.

10.    **Counterparts.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all together shall constitute one and the same instrument.  A signed counterpart transmitted by facsimile, PDF, or similar means shall be as binding as an original signature.

11.    **Opportunity to Consider and Confer**.  By signing this Agreement, Jaramillo acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement, and has had the opportunity to consult with an attorney of his choice. Jaramillo fully understands and is in full agreement with all the terms of this Agreement and he signs this Agreement freely and voluntarily and affirms that he does not rely upon and has not relied upon any representations or statements made by anyone that has not been set forth in this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Jaramillo and Gardea hereby execute this Confidential Comprehensive Waiver and Release consisting of six pages and including eleven enumerated paragraphs, by signing below voluntarily and with full knowledge of the legal significance of all of its provisions.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL COMPREHENSIVE WAIVER AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Jaime Gardea d/b/a Taqueria El Paso

Date: _1. 18. 24_

Jonathan Flores Jaramillo

DocuSigned by:

67DF47790DC7489...

Date: _1/15/2024_

6